Argued and submitted December 11, 1995, affirmed February 7, 1996

## In the Matter of the Marriage of

### David Roy SIMAS,
*Appellant,*
*and*

### Ulila Lynelle SIMAS,
*Respondent.*

(90-2994-D-1; CA A86222)

910 P2d 1159

Randolph Lee Garrison argued the cause for appellant. With him on the brief was Randolph Lee Garrison, P.C.

Lee A. Mills and Brophy, Mills, Schmor, Gerking & Brophy filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Husband appeals from the denial of his request for attorney fees for collection efforts pursuant to the terms of a dissolution judgment that incorporated a marital settlement agreement. We write only to address his first assignment of error, which we review *de novo*, ORS 19.125(3), and affirm.

In March 29, 1991, a judgment dissolved the parties' marriage. The judgment "approved, ratified, and confirmed" the parties' marital settlement agreement and ordered them "to comply with each and all the terms and provisions" of it. That agreement provides for the distribution of the parties' property, including three businesses and related assets and liabilities. Wife received two of the businesses but is required to "equalize the property division" by making 60 monthly cash payments to husband, followed by a balloon payment for the balance due. The agreement also gives wife the right of setoff, whereby she can reduce her payment obligation to husband by the amount of certain business expenses that had accrued before the property division and for which husband failed to reimburse her. A provision of the settlement agreement entitled "Litigation" provides:

> "If any suit (except for the pending domestic relations suit), action, or other proceeding or appeal from a decision therein is instituted to establish, obtain or enforce any right resulting from this agreement, *the prevailing party* shall be entitled to recover from the other party, in addition to costs and disbursements, such additional sums as the Court may adjudge reasonable as attorney fees, both in the trial and the appellate court." (Emphasis supplied.)

From 1992 to early 1993, wife withheld monthly payments to husband, claiming that she was entitled to a setoff for business expenses that were husband's obligation. In the course of ensuing litigation, the court entered an order on March 25, 1993, approving a stipulated modification of the 1991 judgment. That order amended the setoff provision of the marital settlement agreement by adding the following language:

> "Any dispute or claim which arises out of or which relates to this section 13 [describing wife's right of setoff] shall be resolved by arbitration. The arbitration shall employ the rules provided in the Oregon Uniform Trial Court Rules in

effect at the time of the arbitration, and otherwise be subject to the provisions of ORS Chapter [36]. Judgment upon the award rendered pursuant to such arbitration may be entered in any court having jurisdiction thereof. This arbitration provision is not intended by the parties to apply to any other provision of this agreement."

In June 1993, the dispute over setoffs was resolved through arbitration.

Wife, claiming entitlement to newly discovered additional setoffs, again stopped making monthly payments beginning in June 1993. In April 1994, in an attempt to collect approximately $35,000 in accrued payments, husband's attorney issued writs of garnishment against wife's bank accounts, which went unsatisfied except for $136. On May 17, 1994, on husband's motion, the court ordered a judgment debtor examination pursuant to ORS 23.710 to take place on June 20, 1994. In early June, the Jackson County sheriff began levying on wife's real property pursuant to a writ of execution obtained by husband's attorney. Wife then paid the entire amount owed to husband through June 15, 1994. On June 17, 1994, husband filed a "PARTIAL SATISFACTION OF JUDGMENT" with the court, declaring that wife was current on all payments due under the marital settlement agreement.

Husband then filed a "PETITION/MOTION FOR ATTORNEY'S FEES" incurred in his collection efforts. Wife responded with a motion for and was granted an order to show cause why certain amounts she claimed he owed her should not be allowed as setoffs against the amounts she owed him or, in the alternative, why the validity and amounts of the setoffs she claimed should not be determined by arbitration. Wife also filed a motion for and was granted an order to show cause why husband should not be held in contempt for refusing to comply with the provisions of the 1991 judgment that required him to return two items of personal property to her and to pay medical expenses for the parties' child. Husband also sought attorney fees for the show cause proceedings.

On September 19, 1994, the court held a hearing on the parties' motions and ruled that the evidence did not support holding husband in contempt. It denied husband's

request for attorney fees incurred in his collection efforts. It also held that neither party was entitled to attorney fees for the show cause proceedings and ordered the parties to arbitrate wife's claim that she was entitled to setoffs.

Husband assigns error to the trial court's denial of his request for an award of attorney fees in connection with his efforts to collect amounts owed by wife under the marital settlement agreement incorporated into the 1991 judgment. He argues that the marital settlement agreement unambiguously states that "attorney fees *shall* be awarded to a prevailing party in any action or *other proceeding* to establish, *obtain* or *enforce* the parties' agreement." (Emphasis husband's.) He reasons that he is entitled to attorney fees, because he undertook the collection efforts to enforce his right to payments specified in the marital settlement agreement. Wife also relies on the language of the marital settlement agreement but claims that husband is not entitled to attorney fees, because his attempts to collect were premature in that he disregarded her right to claim numerous predissolution business expenses as setoffs against any amount that she might otherwise have owed to him. She contends that until the issue of claimed setoffs is decided by arbitration, "there has been no determination that husband was currently due any of the money he was trying to collect." Further, she argues, her payment to husband in June 1994 was made without waiving her right to setoffs.

When a voluntary property settlement agreement is incorporated into a dissolution judgment, it merges into the judgment and should be enforced. *McDonnal and McDonnal*, 293 Or 772, 779, 652 P2d 1247 (1982); *Winningstad and Winningstad*, 99 Or App 682, 685, 784 P2d 101 (1989). Questions relating to the interpretation of a settlement agreement are resolved using the same rules as in other contract cases. *McDonnal*, 293 Or at 780. Because we do not find and the parties do not claim any ambiguity, we give effect to the intent of the parties as shown by the language of the agreement as a whole. *Id.*; *Winningstad*, 99 Or App at 685.

The "Litigation" provision of the marital settlement agreement provides for the award of attorney fees to the prevailing party in any proceeding to enforce any right under the agreement. Husband's contention that his collection

efforts are a proceeding to enforce his right to receive monthly payments under the agreement presupposes that under the agreement he has a right to collect irrespective of wife's right to setoffs. The agreement, as modified by the 1993 stipulation, addresses the type of dispute at issue in this case and provides that it is to be resolved by arbitration. Neither party contends that the trial court erred in referring the question of setoffs to arbitration. However, there is no evidence in the record that the arbitrator has resolved the setoff question at issue in this appeal. Therefore, neither party has prevailed and, under the terms of the agreement, an award of attorney fees is inappropriate. The trial court did not err in denying husband's request for attorney fees.

Affirmed.